# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JASON BRINGUS, <br><br> Plaintiff, <br><br> vs. <br><br> STEVE ELIFRITS, <br><br> Defendant. | No. C15-3111-MWB <br><br> **REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Plaintiff Jason Bringus (Bringus), an inmate, commenced this action by filing a motion (Doc. No. 1) for leave to proceed in forma pauperis and a proposed pro se complaint on April 28, 2015. After initial review, the complaint was filed August 26, 2015. *See* Doc. Nos. 3, 4. Bringus contends he was deprived of necessary medical care while detained at the Webster County Jail and seeks an award of damages and other relief against defendant Steve Elifrits, the Jail Administrator.[1]

On September 25, 2015, Elifrits filed an answer (Doc. No. 5) and a motion (Doc. No. 6) for summary judgment. Bringus did not file a timely response to the motion. However, he filed a resistance (Doc. No. 9) on December 17, 2015, and a statement of facts (Doc. No. 11) with exhibits on December 29, 2015.

On December 17, 2015, the Honorable Mark W. Bennett referred the motion to me for the preparation of a report and recommended disposition. Doc. No. 10. No party has requested oral argument and, in any event, I find that oral argument is not necessary. *See* N.D. Ia. L.R. 7(c). The motion is fully submitted and ready for decision.

---

[1] Bringus misspelled Elifrits' name as "Elferts."

## II. BRINGUS' COMPLAINT

In his complaint, Bringus alleges that he was shot in the chest and abdomen on June 1, 2014, and was hospitalized for over two months. He contends that upon discharge, he was transported to the Webster County Jail with specific medical protocols. He states that those protocols were followed for the first month, but that beginning September 3, 2014, all treatment stopped at the direction of Elifrits. According to Bringus, Elifrits told him that the jail was no longer going to pay for Bringus' ongoing medical care.

Bringus alleges that because of Elifrits' decision, he did not see a doctor from September 3, 2014, until March 19, 2015 – after being transferred to another facility. He further contends that he made repeated efforts to challenge Elifrits' decision by using the jail's grievance procedures. Specifically, he alleges: "Time, and time again through the kite system, jail request forms, medical service requests, grievance forms and multiple verbal requests to obtain the necessary medical services, [Elifrits] was fully-advised and reminded of specific, previously prescribed medical orders." Doc. No. 4 at 5. Bringus asserts that this denial of care caused him to suffer serious, and potentially-permanent, physical harm.

## III. FACTS PRESENTED BY THE PARTIES

Elifrits' has filed a statement (Doc. No. 6-2) of undisputed facts that reads as follows:

> 1. At all times material to this case, Steve Elifrits has been employed by Webster County, in the Sheriff's Department, as Jail Administrator.
>
> 2. Jason Bringus was booked into the Webster County Jail on the afternoon of August 7, 2014, and remained in custody at the Jail until mid-March, 2015.

> 3. When Jason Bringus was booked into the Webster County Jail, he was given a copy of the Inmate Rule Book that was in place at the time.
>
> 4. The Rule Book given to plaintiff explained that the Webster County Jail had a Grievance Procedure which applied to all conditions of confinement.
>
> 5. Grievance Procedure forms are available and they are provided to inmates upon request.
>
> 6. Inmate files are maintained by Jail staff in the regular course of Jail operations. Things like inmate grievances, and any response thereto, are kept in those files.

Doc. No. 6-2 at 1-2 (citations to record omitted). The statement is supported by an evidentiary appendix (Doc. No. 6-3) that includes Elifrits' affidavit, Bringus' arrest report, an excerpt from the jail's Inmate Rule Book and a sample of the jail's grievance form. Doc. No. 6-3.

Bringus' resistance (Doc. No. 9) includes no evidentiary materials. However, his later-filed statement of facts includes several factual allegations and exhibits.[2] Bringus states:

> From discharge date from the hospital to my return to Webster County Jail on August 7, 2014 until sentence date March 19th, 2015 Steve Efferts [sic] administrative jailor refused medical treatment to the plaintiff by refusing transport for the plaintiff to his scheduled follow up appointments, to the Unity Point Des Moines trauma clinic causing the plaintiff to suffer from a pain medication relapse and suffering from on going pain.
>
> Because the defendant refused the plaintiff medical treatment the plaintiff now suffers a greater risk of complications and further damages in any attempt to complete corrective surgery and may ultimately lead to the possibility that surgical repairs may not even be able to be completed at all.

---

[2] In addition to being untimely, Bringus' resistance materials do not include an item-by-item response to Elifrits' statement of undisputed facts, as required by Local Rule 56(b)(2). Nonetheless, in light of Bringus' status as a pro se inmate I find it appropriate to address the merits of Elifrits' motion.

> Plaintiff was seen by the University of Iowa Hospitals and Clinics in Iowa City, Iowa during the month of December 2015. The plastic surgeon refuses to treat the plaintiff because of a lack of proper treatment beforehand. This is a consequence of the actions of the defendant Steve Efferts [sic] administrative jailor who refused the plaintiff proper medical care.
>
> Per the plaintiff's District Court Paperwork, See [sic] that everybody including the defendant were aware of the plaintiffs medical needs and thus knowingly refused the plaintiff proper medical treatment.
>
> Plaintiff made several attempts writing the Citizen's Ombudsmen . . . .

Doc. No. 11 at 1-2 (citations to record omitted). Bringus' exhibits include his hospital discharge orders and a list of prescribed medications, *id*. at 3-6, documents from his state court criminal action that make reference to his medical condition, *id*. at 7-12, and a letter from the Office of Ombudsman for the State of Iowa. *Id*. at 13.

The state court documents indicate that Bringus entered an Alford plea of guilty to attempted murder and a plea of guilty to robbery in the second degree on February 24, 2015. *Id.* at 9. On March 4, 2015, he filed a motion to withdraw his guilty plea on grounds that "he was suffering from mental and emotional duress related to the injuries he received when he was shot." *Id*. In that motion, Bringus alleged:

> 3. The Defendant has been seen by nursing staff at the Webster County jail who have told him he has a hernia that needs to be repaired. The hernia causes the defendant much pain and suffering. The defendant has requested to be taken to a hospital and have his hernia repaired but the Webster County Jail staff has refused.
>
> 4. The sole reason the Defendant entered his plea of guilty was due to his desire to be taken to hospital for treatment of his hernia and the constant pain and distress it causes him. The defendant had hoped that by entering his plea he would get medical treatment at the Iowa Medical and Classification Center. The plea was therefore not entered into knowingly, voluntarily, and of his own free will.

*Id*. at 9-10. On March 10, 2015, the Iowa District Court for Webster County entered an order overruling the motion. *Id*. at 7-8. While not permitting Bringus to withdraw his plea, the court stated: "There is no doubt but that defendant has a medical condition that must be addressed." *Id*. at 8.

## IV. SUMMARY JUDGMENT STANDARDS

Any party may move for summary judgment regarding all or any part of the claims asserted in a case. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one that "'might affect the outcome of the suit under the governing law.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "the substantive law will identify which facts are material." *Id*. Facts that are "critical" under the substantive law are material, while facts that are "irrelevant or unnecessary" are not. *Id*.

An issue of material fact is genuine if it has a real basis in the record, *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Evidence that only provides "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, or evidence that is "merely colorable" or "not significantly probative," *Anderson*, 477 U.S. at 249-50, does not make an issue of material fact genuine.

As such, a genuine issue of material fact requires "sufficient evidence supporting the claimed factual dispute" so as to "require a jury or judge to resolve the parties'

differing versions of the truth at trial." *Anderson*, 477 U.S. at 248-49. The party moving for entry of summary judgment bears "the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395 (citing *Celotex*, 477 U.S. at 323). Once the moving party has met this burden, the nonmoving party must go beyond the pleadings and by depositions, affidavits, or otherwise, designate specific facts showing that there is a genuine issue for trial. *Mosley v. City of Northwoods,* 415 F.3d 908, 910 (8th Cir. 2005). The nonmovant must show an alleged issue of fact is genuine and material as it relates to the substantive law. If a party fails to make a sufficient showing of an essential element of a claim or defense with respect to which that party has the burden of proof, then the opposing party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

In determining if a genuine issue of material fact is present, I must view the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88. Further, I must give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts. *Id*. However, "because we view the facts in the light most favorable to the nonmoving party, we do not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004). Instead, "the court's function is to determine whether a dispute about a material fact is genuine." *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996).

## V. DISCUSSION

Bringus alleges that his constitutional rights were violated by the denial of medical care while in custody at the Webster County Jail. In seeking summary judgment, Elifrits relies entirely on the Prison Litigation Reform Act (PLRA), which governs actions regarding prison conditions brought pursuant to 42 U.S.C. § 1983 or any other federal

6

law. 42 U.S.C. § 1997e(a). Based on the nature of Bringus' claim, it is clear that the PLRA applies here. *Id.*

### A. Applicable Standards

Among other things, the PLRA states that "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." *Id.* This exhaustion requirement applies to any inmate lawsuit based on prison conditions, regardless of whether the lawsuit revolves around general circumstances or particular incidents and whether the lawsuit alleges excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It requires that all prisoner-plaintiffs must first exhaust all available administrative remedies prior to bringing a lawsuit. *Id.* Failure to exhaust all available administrative remedies is grounds for mandatory dismissal. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). The available remedies must be properly exhausted in compliance with all prison grievance procedures, deadlines or preconditions. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The prison's requirements for grievance procedures, not the PLRA, define the specific remedies that must be exhausted and the manner for doing so. *Id.; see also King v. Iowa Dep't of Corr.*, 598 F.3d 1051, 1053-54 (8th Cir. 2010).

Prisoners are excused from exhausting administrative remedies "when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005). This is because "a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *see also Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001) (defendant did not establish a failure to exhaust where prison officials did not respond to inmate's initial request).

Failure to exhaust remedies under PLRA is an affirmative defense. *Bock,* 549 U.S. at 216. As such, the defendant bears the burden of proving that the prisoner-plaintiff failed to exhaust all available remedies. *Foulk*, 262 F.3d at 697.

### B. *Analysis*

Elifrits has met his initial burden "of informing the district court of the basis for [his] motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56). His affidavits and other exhibits support findings that the Webster County Jail had grievance procedures in place, that Bringus was advised of those procedures and that Bringus did not avail himself of those procedures. Doc. No. 6-3. Thus, Elifrits' argument is simple: Bringus failed to exhaust all available remedies because he failed to submit a single grievance while incarcerated at the jail.

The more-difficult question is whether Bringus has met his burden, as the nonmoving party, of going "beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designat[ing] 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. It is apparent from Bringus' filings that he claims to have made multiple attempts to file grievances about the alleged denial of medical care. In his complaint, he alleges:

> I made all of my complaints to the Webster County Jail authorities and then to the state ombudsman's office after that.
>
> At the time, this was happening at the Webster County jail is where I filed the kites, grievances and medical request forms.
>
> I filed every available kite, request form, medical services requests, grievance forms and medical requests to be seen and treated by my doctor.

8

> All of my requests had to go through the jail administrator who denied every request because he said this would be an ongoing process and the jail would not pay for any of this.
>
> Time, and time again through the kite system, jail request forms, medical service requests, grievance forms and multiple verbal requests to obtain the necessary medical services, [Elifrits] was fully-advised and reminded of specific, previously prescribed medical orders.

Doc. No. 4 at 2-3, 5.

In his resistance to the motion for summary judgment, Bringus alleges that Elifrits and other officials destroyed the grievance complaints that Bringus "handed to various deputies requesting medical treatment." Doc. No. 9 at 2. In his statement of facts, Bringus focuses primarily on his medical needs and Elifrits' awareness of those needs. Doc. No. 11 at 1-2. His only reference to any form of grievance procedures is a statement that he "made several attempts writing the Citizen's Ombudsmen." *Id*. at 2. His Exhibit 6 is a March 12, 2015, letter from the Office of Ombudsman acknowledging receipt of a letter and documents from Bringus. *Id*. at 13. The Ombudsman indicated that copies of the documents had been made and that the original documents were being returned to Bringus. *Id*. Unfortunately, it is unclear what documents Bringus submitted to the Ombudsman, as Bringus did not provide copies for the court.

Based on Bringus' allegations, he contends both (a) that he actually exhausted available administrative remedies and (b) that jail officials took steps to prevent him from exhausting those remedies. The question is whether he has met his burden of coming forward with evidence supporting these allegations. Bringus did not submit an affidavit. None of the evidentiary materials he submitted in support of his resistance demonstrate the he made any efforts to comply with the jail's grievance procedures. Instead, his allegations concerning the exhaustion of remedies, and prevention of such exhaustion, are in the form of the unsworn statements set forth in his complaint and resistance.

Those statements are not sufficient to resist a motion for summary judgment. While it may be harsh to require a pro se inmate to meet the technical evidentiary

9

requirements necessary to prevent the entry of summary judgment, the law in this circuit compels that result. In *Risdal v. Nixon*, 589 Fed. Appx. 801 (8th Cir. 2014) (per curiam), the plaintiff was committed at Iowa's Civil Commitment Unit for Sexual Offenders (CCUSO). *Id*. at 802. He brought an excessive-force action against several CCUSO staff members pursuant to 42 U.S.C. § 1983. *Id*. The defendants sought summary judgment based on the doctrine of qualified immunity. *Id*. The district court denied the motion on grounds that disputed issues of material fact existed as to whether the defendants were entitled to qualified immunity. *Id*. at 802-03. The district court relied on the plaintiff's unsworn allegation during a telephonic hearing that while he was handcuffed, "one defendant smashed his head into a chair, breaking his nose and a tooth, while the other defendants watched." *Id*. at 803.

The Eighth Circuit Court of Appeals held that the district court should not have considered the plaintiff's unsworn statements:

> Risdal's unsworn telephone-hearing statements were not properly submitted under Federal Rule of Civil Procedure 56(c), however, and thus the district court erred, as a matter of law, in relying on those statements in denying the motion for summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n. 17, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970) (unsworn statements are not admissible at summary-judgment stage of proceedings); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991) (court may not consider unsworn statements when ruling on motion for summary judgment).

*Id*. Because the plaintiff's unsworn statements were not admissible, the court noted that the "defendants' account of the incident stands uncontradicted." *Id*. Based on that account, the court found that the defendants were entitled to qualified immunity. *Id*.

Other judges in this circuit have applied *Risdal* to reject unsworn statements and allegations when considering summary judgment motions. For example, in *Lin Gao v. St. Louis Language Immersion Schools, Inc.*, No. 4:13–CV–1956–SPM, 2014 WL 6871166 (E.D. Mo. Dec. 5, 2014), the court stated:

> Chen's alleged statement that she was not hiring Plaintiff because of her age, if supported by evidence, would constitute direct evidence of discriminatory animus that motivated a decision not to hire Plaintiff. However, Plaintiff cites no evidence to support this allegation, nor has she submitted the allegation in a verified complaint. The unsworn and unsupported allegations made in Plaintiff's unverified complaint and repeated in her response to Defendants' motion do not constitute competent evidence that can be used to defeat a motion for summary judgment.

*Id.* at *5 [footnote omitted]; *see also Stockdall v. TG Investments, Inc.*, ___ F. Supp. 3d ___, 2015 WL 9489615 (E.D. Mo. Dec. 30, 2015) ("The Court cannot rely on unsworn statements at summary judgment."); *Country Mut. Ins. Co. v. Omicron Capital, LLC*, No. 4:13–CV–1476–SPM, 2015 WL 1894997, at *7 (E.D. Mo. Apr. 27, 2015) ("A party's unsworn and unsupported allegations do not constitute competent evidence that can be used to defeat a motion for summary judgment."); *Williams v. Donahoe,* No. 4:13–CV–1150 CAS; 2014 WL 6083133, at *3 (E.D. Mo. Nov. 13, 2014) (rejecting the plaintiff's statements because he "did not file a verified complaint, and he has submitted no affidavit or other declaration under penalty of perjury that would support these statements").

Here, Bringus' complaint is not verified. Doc. No. 4. Nor was his resistance (Doc. No. 9) signed under penalty of perjury. Thus, all of Bringus' allegations are unsworn. As for documentary evidence, his exhibits support his claim that he had medical needs while housed at the Webster County Jail, but they do not demonstrate that he complied with the jail's grievance procedures with regard to those needs. Doc. No. 11 at 3-14. In short, Bringus has submitted no admissible evidence contradicting Elifrits' version of events with regard to the exhaustion of available remedies.

Elifrits has established that when Bringus was booked into the Webster County Jail, he was given a copy of the Inmate Rule Book. Doc. No. 6-3 at 3. The Rule Book included an explanation of the Grievance Procedure. *Id.* at 4, 6. The Grievance Procedure applied to all matters that "[a]rise out of an act or failure to act by jail officials or deal specifically with a condition of confinement[.]" *Id.* at 4, 6-7. Under the

Grievance Procedure, an inmate was first required to attempt informal resolution before proceeding with a written grievance. *Id*. at 6.

Elifrits has also established that the Webster County Jail maintains inmate files in the regular course of its operations. *Id*. at 4. Those files include copies of any grievances. *Id.* The jail's records reflect that Bringus did not submit a written grievance relating to medical treatment or any other issue while he was incarcerated at the jail. *Id.* These undisputed facts demonstrate that Bringus did not exhaust all available administrative remedies, as required by the PLRA. *See* 42 U.S.C. § 1997e(a). As such, I must recommend that Elifrits' motion for summary judgment be granted.

## VI.   *CONCLUSION AND RECOMMENDATION*

For the reasons set forth herein, I RESPECTFULLY RECOMMEND that the defendant's motion (Doc. No. 6) for summary judgment be **granted**.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

Finally, the Clerk shall correct the docket for this matter to reflect that the correct spelling of the defendant's last name is "Elifrits," not "Elferts."

**IT IS SO ORDERED.**

**DATED** this 20th day of January, 2016.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE