IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JASON BRINGUS,<br><br>           Plaintiff,<br>vs.<br><br>STEVE ELIFRITS.<br><br>           Defendant. | No. C15-3111-MWB<br><br>MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

_____

## *I.    INTRODUCTION AND BACKGROUND*

On August 26, 2015, plaintiff Jason Bringus filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. In his complaint, Bringus, a former inmate at the Webster County Jail in Fort Dodge, Iowa, claims that defendant Steve Elifrits violated his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Bringus alleges that Elifrits was deliberately indifferent to his serious medical needs while he was incarcerated at the Webster County Jail. This case was referred to United States Magistrate Judge Leonard T. Strand pursuant to 28 U.S.C. § 636(b)(1)(B).

Elifrits moved for summary judgment. He contends that, as a matter of law, Bringus's claim is barred by 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies. Bringus filed a resistance, but submitted no admissible evidence which would generate a genuine issue of material fact.

Judge Strand issued a Report and Recommendation in which he recommends granting Elifrits's motion for summary judgment. Judge Strand found that Bringus failed

to exhaust all available administrative remedies as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e (PLRA), causing his claim to fail as a matter of law. Thus, Judge Strand recommends that Bringus's claim be denied for failure to exhaust available administrative remedies and that Elifrits's motion for summary judgment be granted.

Bringus filed an objection to Judge Strand's Report and Recommendation. Bringus objects to Judge Strand's finding that he did not exhaust all available administrative remedies. He argues that he submitted grievances, but that Elifrits destroyed Bringus's grievances.

## II. LEGAL ANALYSIS

### A. *Standard of Review*

Before considering whether or not to accept Judge Strand's Report and Recommendation, I will first set out my standard of review. The applicable statute provides for *de novo* review by the district judge of a magistrate judge's report and recommendation, when objections are made, as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The United

2

States Supreme Court has explained that, although the statute provides for review when objections are made, the statutory standard does not preclude review by the district court in other circumstances:

> [W]hile the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas*, 474 U.S. at 154. Thus, the specific standard of review may depend upon whether or not a party has objected to portions of the report and recommendation. I will explain what triggers each specific standard of review in a little more detail.

If a party files an objection to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In most cases, to trigger *de novo* review, "objections must be timely and specific." *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Eighth Circuit Court of Appeals has been willing to "liberally construe[]" otherwise general *pro se* objections to require a *de novo* review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and has also been willing to conclude that general objections require "full *de novo* review" if the record is concise, *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise record.").

When objections have been made, and the magistrate judge's report is based upon an evidentiary hearing, "'the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing.'" *United States v. Azure*, 539 F.3d 904, 910 (8th Cir. 2008) (quoting *Jones v. Pillow*, 47 F.3d 251, 252 (8th Cir. 1995), in turn quoting *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)). Judge Strand did not hold an evidentiary hearing on the motion, nor did he consider oral arguments on the

motion. Instead, he considered only the parties' written submissions, and I have done the same.

In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150; *see also Peretz v. United States*, 501 U.S. 923, 939 (1991) (stating that § 636(b)(1) "provide[s] for de novo review only when a party objected to the magistrate's findings or recommendations"); *United States v. Ewing*, 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by the district court."). Indeed, *Thomas* suggests that no review at all is required. *Id*. ("We are therefore not persuaded that [§ 636(b)(1)] requires some lesser review by the district court when no objections are filed.").

Nevertheless, a district court may also review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id.* at 154. This discretion to conduct *de novo* review of any issue at any time makes sense, because the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk*, 15 F.3d at 815. Also, the Eighth Circuit Court of Appeals has indicated that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). Review for clear error, even when no objection has been made, is also consistent with "retention

by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk*, 15 F.3d at 815.

Although neither the Supreme Court nor the Eighth Circuit Court of Appeals has explained precisely what "clear error" review means in this context, in other contexts, the Supreme Court has stated that the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

I will review Judge Strand's Report and Recommendation with these standards in mind.

### B. *Bringus's Objection*

Bringus objects to Judge Strand's finding that he did not exhaust all available administrative remedies. Bringus contends that Elifrits destroyed his grievances. The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Thus, there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court. *See Jones v. Bock*, 549 U.S. 199, 210-17 (2007);); *see also King v. Iowa Dep't of Corr.*, 598 F.3d 1051, 1053-54 (8th Cir. 2010) (holding inmate must complete administrative exhaustion process in accordance with applicable procedural rules, including deadlines, as precondition to bringing suit). "To properly exhaust administrative remedies prisoners must 'complete

5

the administrative review process in accordance with the applicable procedural rules.'" *Jones*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). The applicable procedural rules are defined not by the PLRA but by the prison grievance process itself. *Id*. at 218. However, under the PLRA, failure to exhaust administrative remedies is an affirmative defense, which a prisoner is not required to plead or demonstrate in his or her complaint. *See Jones*, 549 U.S. at 216; *see also Hahn v. Armstrong*, 407 Fed. App'x 77, 78 (8th Cir. 2011); *Lenz v. Wade*, 991, 993 n.2 (8th Cir. 2007); *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005). Rather, defendants bear the burden to establish a prisoner's failure to exhaust. *See Jones*, 549 F.3d at 216. When the exhaustion defense has been properly raised, the Eighth Circuit Court of Appeals has held that a district court is "obligated" to determine whether or not the administrative remedies have been exhausted. *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

The Eighth Circuit Court of Appeals has "only excused inmates from complying with an institution's grievance procedures when officials have prevented prisoners from utilizing the procedures or when officials themselves have failed to comply with the grievance procedures." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (internal citations omitted). Although Bringus contends that Elifrits destroyed his grievances, the summary judgment record does not supports his assertion. Bringus points to only his own unsworn statements, in his unverified complaint, in support of his allegation that Elifrits destroyed his grievances. However, Bringus's unsworn statements are clearly insufficient to generate a genuine issue of material fact which would defeat Elifrits's motion for summary judgment. *See Risdal v. Nixon*, 589 Fed. Appx. 801, 802 (8th Cir. 2014) (holding that the district court erred by considering a *pro se* plaintiff's unsworn statements, made at a telephone hearing, in denying the defendants' motion for summary judgment); *Tweeton v. Frandrup*, 287 F. App'x 541, 541 (8th Cir. 2008) (stating that to defeat summary judgment, the plaintiff "was required to offer evidence countering defendants' supporting affidavits and other evidence"); *Beyer v. Firstar Bank, N.A.*, 447

F.3d 1106, 1108 (8th Cir. 2006) (affirming grant of summary judgment where the plaintiff relied on his pleadings and did not submit an affidavit or any evidence from which a reasonable jury could conclude that he had shown one of the elements of his claims); *Metzsh v. Avaya, Inc.*, 159 F. App'x 736, 737 (8th Cir. 2005) ( "[The *pro se* plaintiffs's] repeated references on appeal to her unverified complaint are unavailing, because only a verified complaint is the equivalent of an affidavit for purposes of summary judgment."). Thus, I conclude that Bringus did not exhaust his remedies in accordance with 42 U.S.C. § 1997e(a) and his objection to Judge Strand's Report and Recommendation is overruled. Dismissal without prejudice is mandatory under such circumstances. *See Porter v. Sturm*, 781 F.3d 448, 452 (8th Cir. 2015); *see also Hammett v. Cofield*, 681 F.3d 945, 949 (8th Cir. 2012) (per curiam) (affirming, in part, dismissal without prejudice for § 1997e(a) failure to exhaust); *Washington v. Uner*, 273 Fed. App'x 575, 577 (8th Cir. 2008) (per curiam) (modifying district court's dismissal to clarify that § 1997e(a) failure to exhaust is dismissed without prejudice); *Maddix v. Crawford*, 216 Fed. App'x 605, 606 (8th Cir. 2007) (per curiam) (same).

### III. CONCLUSION

I accept Judge Strand's Report and Recommendation and, therefore, grant Elifrits's motion for summary judgment. Bringus's claim against Elifrits is dismissed without prejudice. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED** this 2nd day of February, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA